UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENTON SCRIPS LANDING, LLC,<br><br>                                          Plaintiff,<br><br>v.<br><br>ROSALIN THURAIRAJAH,<br><br>                                          Defendant. | Case No.: 3:20-cv-02452-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

   The matter before the Court is Defendant's Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2).

**PROCEDURAL BACKGROUND**

   On January 7, 2020, Plaintiff Fenton Scrips Landing, LLC initiated this action by filing a Complaint in the Superior Court of California for the County of San Diego, assigned case number 37-2020-00000928-CL-UD-CTL, against Defendant Rosalin Thurairajah. (ECF No. 1-2).

   On December 16, 2020, Defendant filed a Notice of Removal. (ECF No. 1). On the same day, Defendant filed a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2).

# DISCUSSION

The court has an independent duty to assess whether federal subject matter jurisdiction exists. *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."). A district court must remand a removed case if it lacks jurisdiction over the matter because subject matter jurisdiction may not be waived by the parties. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

The federal removal statute provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction." *Id.* "[R]emoval jurisdiction . . . must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"[D]istrict courts [ ] have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (alteration in original). "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists

only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Placer Dome*, 582 F.3d at 1091. "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed . . . ." *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002). "[T]he federal element in the claim [must be] 'pivotal[]' or 'substantial[]' as opposed to merely 'incidental,' or . . . 'direct and essential' as opposed to 'attenuated,' or 'paramount' as opposed to 'collateral.'" *Berg v. Leason*, 32 F.3d 422, 424 (9th Cir. 1994), *as amended* (Sept. 7, 1994). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998). "[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* (second alteration in original).

Defendant contends that the "basis for removal is federal laws on housing rights including those enumerated in the Fair Housing Act" and that "[p]rovided that [Defendant] intends to make use of federal claims in defense to the instant eviction action at law and in equity, [Defendant] hereby requests removal through the instant petition." (ECF No. 1 at 2). The underlying state action is based upon state law. The only claim Plaintiff asserts is for unlawful detainer. Plaintiff does not state any federal causes of action or prayers for relief. The federal element is not pivotal, substantial, paramount, or direct and essential and is merely incidental, attenuated, or collateral. *See Berg,* 32 F.3d at 424. The Court concludes that the underlying action does not include a federal issue and that removal is not permitted. *See e.g.*, *Bullard v. Smith*, No. 19cv65-WQH-LL, 2019 WL 338595, at *2 (S.D. Cal. Jan. 28, 2019) (citations omitted) ("Plaintiff's complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law. As currently pled, were Defendant to be granted leave to proceed in forma pauperis, or should Defendant pay the filing fee, this action would be remanded back to state court for lack of federal subject-matter jurisdiction."); *Bank of Am., Nat'l Ass'n v. German*, No. 19-cv-2207-WQH-

MDD, 2019 WL 6769513, at *3 (S.D. Cal. Dec. 12, 2019) (footnote omitted) (citations omitted) ("Bank of America's Complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law.  Bell fails to establish that removal under any section '1441(a) through 1446' was proper.  The Court finds that it lacks subject matter jurisdiction over this action.  Accordingly, the Court remands this action to state court pursuant to 28 U.S.C. § 1447(c).").

## CONCLUSION

IT IS HEREBY ORDERED that this action is REMANDED to the Superior Court for the State of California, County of San Diego, where it was originally filed under case number 37-2020-00000928-CL-UD-CTL.

IT IS FURTHER ORDERED that Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot.

Dated:  December 23, 2020

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court